IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BERNARD RAY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV113 |
| | ) | |
| v. | ) | |
| | ) | |
| TYSON FRESH MEATS, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Tyson Foods has filed a motion to compel the plaintiff to serve responses to interrogatories and requests for production of documents as well as his initial disclosures required by Fed. R. Civ. P. 26(a)(1). There has been no response to the motion.

The parties were ordered on August 2, 2005 to serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before August 19, 2005. Filing 16, paragraph 1. That order was entered in accordance with the provisions of Fed. R. Civ. P. 26(f). Plaintiff did not comply with that directive by the time permitted by the order, nor by the time the court held a planning conference with counsel on November 2, 2005.

During the November 2, 2005 conference with counsel pursuant to Fed. R. Civ. P. 16, held in order to finalize a progression order for the case, counsel discussed the disclosures and the discovery responses then past due from plaintiff, and plaintiff's counsel agreed to serve answers within ten days following the conference. That agreement was incorporated into the court's order of progression. Filing 20, paragraph 12. Still no responses have been served.

<u>Fed. R. Civ. P.</u> 37(b) provides in pertinent part:

> (2) **Sanctions by Court in Which Action is Pending**.  If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . ., or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>> (A)  [an order that facts be deemed established as alleged by the party who obtained the order];
>>
>> (B)  [an order prohibiting the delinquent party from supporting or defending certain claims];
>>
>> (C)  [an order striking pleadings, staying further proceedings until the order is obeyed, or dismissing the action];
>>
>> (D)  [an order treating the failure as a contempt of court];
>>
>> (E)  . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It is clear plaintiff has failed to obey the Rules of Civil Procedure and two orders of this court.  In addition, by failing to respond to this motion, plaintiff has failed to demonstrate that his position in the matter is "substantially justified" so as to avoid the imposition of expenses and fees.  Plaintiff's case is in jeopardy.

I shall require plaintiff and plaintiff's counsel to show cause why he/they should not be held in contempt or face other sanctions, and I shall award defendant its expenses and fees incurred in bringing this matter to the court.

IT THEREFORE HEREBY IS ORDERED:

1. The motion, filing 22, is granted, and plaintiff shall serve all disclosures required by Rule 26(a) within ten days.

2. Defendant is awarded its expenses, including attorneys fees, in bringing this matter before the court. Defendant's counsel shall file its application for expenses and fees, properly supported, within ten days. Plaintiff is given ten days after the filing of the application in which to file a response. If either side desires a hearing on the amount of the award, request therefor shall be included in the application or the response, as applicable.

3. The award eventually entered pursuant to this order shall become a part of the judgment eventually entered in this case. The clerk shall include the award in the judgment, unless prior to that time the clerk is notified by counsel that the award has been paid, *accompanied by evidence of payment*.

4. Plaintiff and plaintiff's counsel shall, not later than January 18, 2006, show cause in writing why he/they should not be held in contempt of this court or face other sanctions for the failures to abide by the orders of the court. Failure to respond to this order may result in dismissal of the case.

DATED this 3rd day of January, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge